```
IN THE UNITED STATES DISTRICT COURT FOR THE
         SOUTHERN DISTRICT OF GEORGIA
                SAVANNAH DIVISION
```

EXPERIENCE HENDRIX, LLC,     \*
a Washington Limited Liability  \*
Company, and AUTHENTIC HENDRIX,  \*
LLC, a Washington Limited      \*
Liability Company,              \*
                               \*
      Plaintiffs,               \*
                               \*
         v.                      \*      CV 416-107
                               \*
TIGER PAW DISTRIBUTORS, LLC,    \*
a California Limited Liability  \*
Company; SANTA PAULA            \*
DISTRIBUTORS, INC.; SAVANNAH     \*
DISTRIBUTING CO., a Georgia      \*
Corporation; and JOE WALLACE     \*
and LEON HENDRIX, individuals,  \*
                               \*
      Defendants.               \*

### O R D E R

Presently before the Court is Plaintiffs' motion for entry of stipulated consent judgment for permanent injunction. (Doc. 96.) For the reasons below, Plaintiffs' motion is **GRANTED**.

### I. DISCUSSION

After being served with process on April 27, 2016, Defendant Santa Paula Distributors, Inc. ("Santa Paula"), had not appeared in this suit until Plaintiffs filed the instant motion and the proposed consent judgment, in which Defendant Santa Paula "consents to the jurisdiction of this Court" and acknowledges that it "shipped 1144 cases of Purple Haze Liquer

to Defendant Savannah [Distributing Co.]" on or about August 26, 2015. (Consent J., Doc. 96.) Nevertheless, in exchange for Plaintiffs' waiver of their claims for monetary damages, Defendant Santa Paula agrees (i) to provide Plaintiffs with certain information and (ii) to be permanently enjoined from, *inter alia*, using any mark likely to be confused with Plaintiffs' trademarks.

Pursuant to Federal Rule of Civil Procedure 65(d)(1), before it can enter a permanent injunction, the Court must (1) state its reasons for entering the injunction; (2) state the injunction's terms specifically; and (3) describe in reasonable detail the act or acts restrained or required. Accordingly, the Court specifies that the permanent injunction set forth below will be issued because Defendant Santa Paula has consented to its terms and "because its issuance obviates the need for any further litigation regarding the liability of this Defendant." See S.E.C. v. Rivers, 272 F.R.D. 607, 608 (M.D. Fla. 2011). Additionally, the Court finds that the attached injunction is set forth with specificity and "that the acts restrained or required are described in sufficient detail to 'apprise those within its scope of the conduct that is being proscribed.'" Id. (quoting Brown v. Ala. Dep't of Transp., 597 F.3d 1160, 1185 (11th Cir. 2010)).

## II. CONCLUSION

For the reasons above, the Court **GRANTS** Plaintiffs' motion for entry of stipulated consent judgment for permanent injunction (Doc. 96), **ENTERS** the attached stipulated consent judgment for permanent injunction, and **DIRECTS** the Clerk to **ENTER JUDGMENT** in favor of Plaintiffs and against Defendant Santa Paula.

**ORDER ENTERED** at Augusta, Georgia, this 21st day of June, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

3

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company, | No.: 1:16-cv-00107-JRH-GRS |
| Plaintiffs, | |
| vs. | |
| TIGER PAW DISTRIBUTORS, LLC, a California Limited Liability Company; SANTA PAULA DISTRIBUTORS, INC., SAVANNAH DISTRIBUTING CO., a Georgia Corporation; JOE WALLACE and LEON HENDRIX, individuals, | |
| Defendants. | |

## STIPULATED CONSENT JUDGMENT FOR PERMANENT INJUCTION

Plaintiffs, EXPERIENCE HENDRIX, L.L.C., and AUTHENTIC HENDRIX, LLC ("Plaintiffs"), filed an Amended Complaint herein on April 14, 2016, against Defendants, Tiger Paw Distributors LLC, Savannah Distributing Co., ("Savannah"), Santa Paula Distributors, Inc., (hereinafter "Santa Paula"), Joe Wallace, Leon Hendrix; and Santa Paula hereby agrees that this Stipulated

Permanent Injunction shall bind and apply to Santa Paula, its officers and directors, and successors and assigns, including but not limited to NLV Tequila Bottling LLC; and

**WHEREAS**, Plaintiffs have asserted that they are the exclusive owners of the rights in and to the use of the Hendrix Marks as set forth in the Complaint; and

**WHEREAS**, Santa Paula acknowledges service of the Summons and Amended Complaint on April 27, 2016 and consents to the jurisdiction of this Court and acknowledges that on or about August 26, 2015 Santa Paula shipped 1144 cases of Purple Haze Liqueur to Defendant Savannah, 2860 Bankers Industrial Drive, Atlanta, Georgia 30360.

**WHEREAS**, Plaintiffs have asserted that they are the owners of the exclusive right to manufacture and distribute, and to license others to manufacture and distribute, merchandise and products of any kind and nature bearing the Hendrix Marks as defined in the Amended Complaint; and

**WHEREAS**, the Plaintiffs and Santa Paula have agreed that it would be in their mutual best interests to resolve all issues in dispute in this action in accordance with the terms set forth below and in reliance upon the representations contained herein.

NOW THEREFORE:

Santa Paula agrees: (a) to the entry of this Permanent Injunction by Consent and to be fully bound by its terms; (b) to produce: (i) any and all documents of every kind and nature regarding the sale, distribution or creation of Purple Haze Liqueur; (ii) any and all documents of any kind or nature between Santa Paula and/or Fernando Gonzalez on the one hand, and Tiger Paw, Joe Wallace, and/or Enrique Balderas, Lonnie Charleson and Savannah on the other hand, relating to Purple Haze Liqueur and Voodoo Child Tequila; (iii) all shipping records to Savannah and all returns from Savannah to Santa Paula including but not limited to May 2016; and (iv) all documents regarding any stock options or offerings; (c) to direct Robert C. Lehrman, Esq. to provide all documents and correspondence in his files in connection with the filing of the license with the Alcohol & Tobacco Division of the Georgia Department of Revenue in the State of Georgia for Purple Haze Liqueur or Voodoo Child; and (d) Santa Paula will appear for a deposition at a mutually agreed date and place.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that a Permanent Injunction is hereby granted and ordered entered against Santa Paula in this action as follows:

1. This Court shall retain jurisdiction of the parties hereto for the purpose of any proceedings to enforce the Permanent Injunction;

2. The parties waive appeal from this Permanent Injunction and for any continuing action against Santa Paula;

3. In consideration of Santa Paula's obligations hereunder, Plaintiffs waive their claims against Santa Paula for monetary damages;

4. The Plaintiffs and Santa Paula have waived costs and attorneys fees in connection with this Permanent Injunction;

5. This Permanent Injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.

6. Santa Paula and each of its respective officers, agents, and employees, and all persons acting in concert with them, directly or indirectly, are and are hereby restrained and enjoined as follows:

a) From using or causing to be used the Hendrix Marks, or any copy or colorable imitation thereof, or any mark or name likely to cause confusion therewith, by *inter alia*, reproducing, copying imitating and/or using the Hendrix Marks or causing or allowing the Hendrix Marks to be reproduced, copied, imitated and/or used on merchandise and products of every kind and nature, hangtags, wrappers, receptacles labels, packaging, advertising and/or promotion materials by Santa Paula or any other entity in which they participate now, or in the future or as part of a website or domain name

b.  From using or causing to be used without authorization the Hendrix Marks and/or other indicia of the name "Jimi Hendrix," "Hendrix," or Jimi Hendrix's stylized signature, or the Hendrix Copyrights, or any portion or element thereof, and/or anything confusingly similar or substantially similar thereto in connection with the manufacture, distribution, advertising, promotion, offering for sale and/or selling of any merchandise and products of every kind and nature;

c.  From undertaking or causing any third party to undertake any other acts which dilute, disparage or denigrate the distinctive quality of the Hendrix Marks and/or cause unfavorable associations regarding the Hendrix Marks by any conduct of Santa Paula, which makes reference to the Hendrix Marks;

d.  From making or causing any third party to make any statement or representation whatsoever, or using any false designation of origin or false description, and/or performing any act which can or is likely to lead the general public or ultimate purchaser to believe that the merchandise manufactured, distributed or sold by Santa Paula, or their licensees, distributors or other agents, is in any manner associated with, connected with, licensed by, or approved by the Plaintiffs;

e.  From engaging or causing any third party to engage in any other activities constituting trademark infringement, unfair competition, trademark

dilution, or any other violation of Plaintiff's intellectual property rights in and to the Hendrix Marks;

 f. From aiding, abetting, encouraging or inducing any third party to do any of the acts enjoined; and

 h. From holding themselves out in any manner whatsoever as being licensed by, associated with, or in any manner affiliated with the Plaintiffs, directly or indirectly including, but not limited to, communicating on any manner whatsoever that Santa Paula has ever been authorized by the Plaintiffs.

**IT IS FURTHER ORDERED ADJUDGED AND DECREED:**

 1. that Plaintiffs shall not be required to post any bond with the Clerk of this Court; and

 2. that this Court retain jurisdiction of Santa Paula for the purpose of any proceedings to enforce injunction;

 3. that this Stipulated Order of Permanent Injunction shall be binding upon and shall inure to the benefit of the parties hereto, and their respective successors and assigns.

 4. that this Consent Order for Permanent Injunction may be executed in multiple counterparts, each of which shall be deemed an original, but all of which together shall constitute one and the same instrument. The parties agree that this Consent Order for Permanent Injunction may be transmitted between them by

facsimile machine and/or electronically (e.g. in electronic format such as .pdf format), and that they intend that a faxed or electronically transmitted copy of this document containing true and correct copies of the signatures of one or more Parties (in counterparts or otherwise) shall constitute a binding agreement, and such electronic or facsimile signature copies shall be deemed to have the same force and effect as originals.

Dated:     Savannah, Georgia
           June 21, 2016

SO ORDERED:

_____
J. Randal Hall
United States District Judge

CONSENT, WAIVER AND STIPULATION

The parties hereby stipulate that written findings of fact and conclusions of law be waived and said Plaintiff expressly consents to entry of the foregoing Consent Order for Permanent Injunction as final and unappealable and waive notice of entry of Judgment.

As between the parties, the provisions of this Order shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

EXPERIENCE HENDRIX, L.L.C:

By: _____


AUTHENTIC HENDRIX, LLC:

By: _____


SANTA PAULA DISTRIBUTORS, INC.:

By: *[signature]*
Francisco Gonzales, President

## CONSENT, WAIVER AND STIPULATION

The parties hereby stipulate that written findings of fact and conclusions of law be waived and said Plaintiff expressly consents to entry of the foregoing Consent Order for Permanent Injunction as final and unappealable and waive notice of entry of Judgment.

As between the parties, the provisions of this Order shall be and become effective immediately upon its execution by the parties, and need not await execution by the Court.

EXPERIENCE HENDRIX, L.L.C:

By: _____
    Janie Hendrix, President


AUTHENTIC HENDRIX, LLC:

By: _____
    Janie Hendrix, President


SANTA PAULA DISTRIBUTORS, INC.:

By: _____
    Francisco Gonzales, President

Approved as to form:

By: /s/ Dorothy Weber
June 17, 2016

**Dorothy M. Weber, Esq.**
Attorney for EXPERIENCE HENDRIX, L.L.C., and AUTHENTIC HENDRIX,
LLC, Washington Limited Liability Companies
SHUKAT ARROW HAFER WEBER & HERBSMAN, LLP
494 Eighth Avenue, Suite 600
New York, NY 10001

**Jason Pedigo, Esq.**
Attorney for EXPERIENCE HENDRIX, L.L.C., and AUTHENTIC HENDRIX,
LLC, Washington Limited Liability Companies
ELLIS, PAINTER, RATTERREE & ADAMS LLP
2 East Bryan Street, 10th Floor
Post Office Box 9946 (31412)
Savannah, Georgia 31401

**Michael O. Crain, Esq.**
Attorney for EXPERIENCE HENDRIX, L.L.C., and AUTHENTIC HENDRIX,
LLC, Washington Limited Liability Companies
CRAIN LAW GROUP, LLC
297 Prince Avenue
Suite 24
Athens, GA 30601