IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

EXPERIENCE HENDRIX, LLC, \*
a Washington Limited Liability \*
Company, and AUTHENTIC HENDRIX, \*
LLC, a Washington Limited \*
Liability Company, \*
\*
      Plaintiffs, \*
\*
      v. \* CV 416-107
\*
TIGER PAW DISTRIBUTORS, LLC, \*
a California Limited Liability \*
Company; SANTA PAULA \*
DISTRIBUTORS, INC.; SAVANNAH \*
DISTRIBUTING CO., a Georgia \*
Corporation; and JOE WALLACE \*
and LEON HENDRIX, individuals, \*
\*
      Defendants. \*

**O R D E R**

On June 22, 2016, the Court granted in part and denied in part Plaintiffs' motion for preliminary injunction. (Doc. 100.) In so doing, the Court enjoined Defendants Tiger Paw, Wallace, and Hendrix

    (1) from using the word "jimi" in the names of their websites, social media profiles, or other online platforms;

    (2) from manufacturing, distributing, selling, or promoting any bottle of Purple Haze Liquer that has the web address www.jimipurplehaze.com printed visibly thereupon; and

    (3) from displaying the aforementioned signature of Jimi Hendrix on any of their labeling or marketing materials.

(Id.) Since that time, Defendant Hendrix has filed a motion for reconsideration of preliminary injunction language (Doc. 103) that is now before the Court.

Because he deals in other Jimi Hendrix related products, Defendant Hendrix "asks for a slight modification of [the injunction] language only to clarify that it does not reach any activity or products that are not at issue in this lawsuit." (Id. at 2.) In response to Defendant Hendrix's request, Plaintiffs offer no opposition. (Pls.' Resp., Doc. 104.) Accordingly, upon due consideration, the Court **GRANTS** Defendant Hendrix's motion (Doc. 103) and **AMENDS** its prior injunction to read as follows: Defendants Tiger Paw, Wallace, and Hendrix are enjoined

(1) from using the word "jimi" in the names of their websites, social media profiles, or other online platforms that are used to distribute, sell, or otherwise promote Purple Haze Liquer;

(2) from manufacturing, distributing, selling, or promoting any bottle of Purple Haze Liquer that has the web address www.jimipurplehaze.com printed visibly thereupon; and

(3) from displaying, on any of their materials, the Jimi Hendrix signature that is found in Exhibit 1 attached to this Order.[1]

---

[1] See ABS-CBN Int'l v. Freepinoychannel.com, No. 15-61002, 2015 WL 11023803, at *1 (S.D. Fla. July 28, 2015) ("A Court that issues an injunction retains continuing jurisdiction to modify it whenever the principles of equity require it to do so. Injunctions may be modified . . . to ensure the original purposes of the injunction are met." (citing Exxon Corp. v. Tex. Motor Exch. of Houston, Inc., 628 F.2d 500, 503 (5th Cir. 1980)).

2

**ORDER ENTERED** at Augusta, Georgia, this 21st day of July, 2016.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

**EXHIBIT 1**

