FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 JAN 27 PM 3: 25

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | | |
|---|---|---|
| EXPERIENCE HENDRIX, L.L.C., a Washington Limited Liability Company, and AUTHENTIC HENDRIX, LLC, a Washington Limited Liability Company, | ) ) ) ) ) | Case No.: 4:16-cv-00107-JRH-GRS |
| Plaintiffs, | ) ) ) | JUDGMENT AND PERMANENT INJUNCTION |
| v. | ) ) | |
| TIGER PAW DISTRIBUTORS, LLC, a California Limited Liability Company, TIGER PAW BEVERAGES, INC., TIGER PAW BEVERAGES CORP., TIGER PAW BEVERAGE, INC., TIGER PAW, INC., TIGER PAW, LLC, TIGER PAW BEVERAGE COMPANY, INC., TIGER MONKEY, INC., TIGER MONKEY BEVERAGE, INC., TIGER PAW SPIRITS, LLC, JOHN DOE CORPORATIONS 1-10, SANTA PAULA DISTRIBUTORS, INC., JOE WALLACE, ENRIQUE BALDERAS, LONNIE CHARLESON and LEON HENDRIX, individuals, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter came before the Court for consideration of the Plaintiffs' and

Defendants' Tiger Paw Distributors, LLC, Tiger Paw Beverages, Inc., Tiger Paw

Beverages Corp., Tier Paw Beverage, Inc., Tiger Paw Inc., Tiger Paw, LLC, Tiger

Paw Beverage Company, Inc., Tiger Monkey, Inc., Tiger Monkey Beverage, Inc.,

Tiger Paw Spirits, LLC, Joe Wallace, Enrique Balderas, and Lonnie Charleson

1706691.2

(hereinafter collectively referred to as the "Tiger Paw Defendants") Joint Motion for Order and Final Judgment and Permanent Injunction, and the Court having considered and granted said motion, it is

ORDERED, ADJUDGED AND DECREED as follows:

1. Judgment is entered in favor of the Plaintiffs and against the Tiger Paw Defendants, jointly and severally, on all of Plaintiffs' claims, as set forth herein.

2. Except as set forth in Paragraph 3, below, or as explicitly authorized by Plaintiffs in writing, the Tiger Paw Defendants and any entity that, directly or indirectly through one or more intermediaries controls, is controlled by or is under common control with any of the Tiger Paw Defendants, and each of them, and each of their officers, agents, servants and employees, and other persons in active concert or participating with them who receive actual notice of this Permanent Injunction by personal service or otherwise, are forever permanently enjoined from using the name "Jimi Hendrix", the name "Jimi", the name "Hendrix," the initials "JH" any of Plaintiffs' registered or pending trademarks that incorporate an image or likeness of Jimi Hendrix or the words Jimi or Hendrix (hereinafter collectively "Plaintiffs' Trademarks"), any of Plaintiffs' copyrighted material under applicable federal law (including audio recordings and/or music, or any part or portion thereof) (hereinafter "Plaintiffs' Copyrighted Material") or any image, likeness or signature of Jimi Hendrix, whether claimed to be fair use or otherwise, in any manner, including but not limited to the sale, naming, identifying, offering for sale,

marketing, labeling, packaging, promotion, distribution or advertising of any product or service, including but not limited to posters, clothing, alcoholic beverages or in connection with any goods and services covered by Plaintiffs' Trademarks.

3.  Notwithstanding the prohibitions in Paragraphs 2, 4 and 5 of this Order, Judgment and Permanent Injunction, the Tiger Paw Defendants' use of "Jimi", "Hendrix" or "Jimi Hendrix" in a Descriptive Use, as specifically defined below, or the use of Jimi Hendrix's song titles, shall not be a violation of this Permanent Injunction, so long as such song title's use is not otherwise used with any words or marks prohibited in Paragraphs 2, 4 or 5 of this Judgment and Permanent Injunction, or any other indicia relating to Jimi Hendrix, the legacy of Jimi Hendrix or the solo use of "Jimi," "Jimi Hendrix" or "Hendrix." By way of example the descriptive uses in the phrases "inspired by the song *Purple Haze*" or "inspired by the classic rock-n-roll song *Voodoo Child*" or "inspired by Jimi Hendrix's *Purple Haze*" or "inspired by the music of Jimi Hendrix" shall not violate this Permanent Injunction. The term "Descriptive Use" is defined to only include and only allow the limited following uses of "Jimi," "JH," "Hendrix" or "Jimi Hendrix": These words, if used by Defendants, must always be in lower case or capitalized as a proper noun, but not spelled with all capital letters; must always and only be used to refer to Jimi Hendrix's, music and/or songs; cannot be used to imply any endorsement by, affiliation with or sponsorship by Jimi Hendrix, Jimi Hendrix's Estate or Plaintiffs; can never be in bold or a typeface more prominent than any other typeface on the same page; can only be used in the advertising or

promotion of Defendant Tiger Paw Beverages Corp.'s (or any entity that, directly or indirectly through one or more intermediaries controls, is controlled by or is under common control with Defendant Tiger Paw Beverages Corp. or Joe Wallace) alcoholic products, including on the back of a product's bottle (but on no other product packaging or labeling) and no other products or services; can never be used in a font or style which is more prominent or larger than any other the predominant text or font on the page or screen of which the Descriptive Use is a part; must be typed font and not script or as a signature; cannot be used in a advertising banner or stand alone placement; and cannot be used in any keywords, adwords or metadata in any manner. The Tiger Paw Defendants' use of "Jimi" or "Hendrix" or "Jimi Hendrix" as a Descriptive Use in print materials or in text posted on an Internet site or page, or social media site, or other digital media will not violate this Injunction. The Tiger Paw Defendants may not use "Jimi" or "Hendrix" or "Jimi Hendrix" as a domain name or part of a domain name or hashtag or any other manner. They cannot be used to drive traffic to any Internet site or page, social media site, or any other platform or in print, digital, Internet or other media used for advertising or promotion, except as other specifically permitted in this Paragraph 3, it being the intent and meaning of this Paragraph that The Tiger Paw Defendants are prohibited from any and all uses of Jimi Hendrix's name other than with the specific limitations set forth within this Paragraph.

4.     Except as set forth in Paragraph 3, above, or as explicitly authorized by Plaintiffs in writing, the Tiger Paw Defendants, and each of them, and each of

1706691.2

their officers, agents, servants and employees, and other persons in active concert or participating with them who receive actual notice of this Order, Judgment and Permanent Injunction by personal service or otherwise, are further permanently enjoined from using the name and words and marks "Jimi", "Hendrix" and/or "Jimi Hendrix", including but not limited to the trademarked Jimi Hendrix signature or any variation thereof and the Jimi Hendrix signature from Axis Bold as Love or any variation or in any script signature, in any manner, including but not limited to the sale, naming, identifying, offering for sale, marketing, labeling, packaging, promotion, distribution or advertising of any product or service, including but not limited to posters, clothing, alcoholic beverages or any class of goods and services covered by Hendrix Trademarks.

5.    Except as set forth in Paragraph 3, above, or as explicitly authorized by Plaintiffs in writing, the Tiger Paw Defendants, and each of them, and each of their officers, agents, servants and employees, and other persons in active concert or participation with them who receive actual notice of this Order, Judgment and Permanent Injunction by personal service or otherwise, are permanently enjoined from using either the image or likeness of Jimi Hendrix and/or the words and marks "Jimi", "Hendrix" and/or "Jimi Hendrix", including but not limited to Plaintiffs' trademarked Jimi Hendrix signature and the Jimi Hendrix signature from the album cover of *Axis: Bold as Love* or use of the words "Jimi", "Hendrix" or "Jimi Hendrix" or in any script signature, in the providing of any services or product, online or otherwise, specifically including but not limited to any YouTube Channel,

Facebook, Instagram, LinkedIn, Snapchat, Twitter, or any other Internet or social media outlet or service of any kind or nature known or unknown, whether in a commercial or non-commercial manner.

6. The Tiger Paw Defendants shall (1) remove or cause the removal and deletion of all Ground Force Entertainment / Matt Santos / @worldwidetef videos and social media that (i) was created for or used for the benefit of any of the Tiger Paw Defendants or the *Purple Haze, Voodoo Child Liqueur* product or which otherwise reference Jimi Hendrix; <u>and</u> (ii) would be a violation of this Permanent Injunction, whether created by Matt Santos or not; and (2) obtain Matt Santos' written agreement to (a) abide by and be subject to this Permanent Injunction and (b) acknowledge that all videos that he created for any of the Tiger Paw Defendants or otherwise related to the Purple Haze Liqueur product that would be a violation of this Permanent Injunction, whether published or unpublished, shall be permanently deleted and removed from all social media of any kind or nature.

7. Within ten (10) days of entry of this Order, Judgment and Permanent Injunction, the Tiger Paw Defendants and their officers, agents, servants, contractors, website operators, and employees, and other persons in active concert or participation with them are ordered to (a) cease all of the Tiger Paw Defendants' uses of Jimi Hendrix's name, image or likeness, other than as set forth in paragraph "3", and shall cause to be permanently deleted and removed from their websites and any and all social media, all files, images, and electronic materials and (b) destroy

1706691.2

all marketing and promotional materials and other items that are in violation of this Order , Judgment and Permanent Injunction.

8.    Upon entry of this Permanent Injunction, Defendants, and each of them, and each of their officers, agents, servants and employees, and all those persons in active concert or participation with them who receive actual notice of this Permanent Injunction by personal services or otherwise, shall take no action to assist in, apply for, maintain or seek the registration of any mark anywhere in the world, which utilizes the name, image or likeness of Jimi Hendrix, directly or indirectly.

9.    Within thirty (30) days after the issuance and entry of this Order, Judgment and Permanent Injunction, Defendants and each of them, shall individually file and serve to Plaintiffs a report, under oath, describing in detail the manner in which each Defendant has fully complied with this Permanent Injunction.

DATED this 27th day of January, 2017

SO ORDERED

HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

1706691.2